THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SILVER KNIGHT SALES &, MARKETING, LTD. | : | |
| | : | |
| Plaintiff, | : | Case No. C2-06-123 |
| | : | |
| v. | : | Judge Holschuh |
| | : | |
| GLOBEX INTERNATIONAL, INC. | : | Magistrate Judge Abel |
| | : | |
| Defendant-Counterclaimant and Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DISABATO | : | |
| | : | |
| Third Party Defendant. | : | |

## Report and Recommendation

Plaintiff, Silver Knight Sales and Marketing ("Silver Knight") brings this action against defendant Globex International ("Globex") alleging breach of contract and tortious interference with business relations. Globex has counterclaimed alleging similar harms. This matter is before the Magistrate judge on Defendant's May 1, 2006 motion to transfer venue from the Southern District of Ohio to the Northern District of Texas.

Globex moved to transfer the action on the basis of *forum non conveniens* pursuant to 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Additionally, when two cases with the same or similar parties are pending in two different federal courts, deference is given to the court of first filing. *Zide Sport Shop of Ohio, Inc. v. Ed*

*Tobergte Assoc., Inc.,* 16 Fed. Appx. 433, 437 (6th Cir. 2001).

**I.      Facts**

Plaintiff Silver Knight, an Ohio limited liability company with its principal place of business in Columbus, engages in the business of manufacturing, marketing, distributing and selling sports apparel and novelty products. (Complaint ¶ 7) Third-party defendant Michael DiSabato serves as Silver Knight's president and managing member. (Complaint ¶ 8) As part of its business, Silver Knight has obtained licenses to use the logos and trademarks of various universities throughout the country. (Complaint ¶ 10) Defendant Globex, a Texas corporation with its principal place of business in Dallas, also engages in the business of creating, manufacturing and selling sports novelty items. (Third-Party Complaint ¶ 7)

Early in 2004, the two companies entered into a business relationship in which Globex secured a Chinese manufacturer for some of the items, and the two companies began using their respective contacts to market these items to various colleges. The exact nature of the business relationship and the rights and responsibilities of the parties are in dispute and not relevant for the matter currently before the Magistrate Judge. During the course of the next year, the business relationship between the two parties deteriorated to the point where it ended in the spring of 2005. (Complaint ¶ 15)

In the intervening months, two state actions were filed. The first was filed in the District Court of Dallas County, Texas by Globex against Michael DiSabato d/b/a Silver Knight Sales Marketing, and it commenced on August 8, 2005. The second action was filed in the Court of Common Pleas of Franklin County, Ohio by Silver Knight against Globex, and it commenced on November 1, 2005. Mr. DiSabato removed the first action to federal court in the Northern

District of Texas on September 9, 2005, and Globex removed the second action to federal court in the Southern District of Ohio on February 16, 2006.  Currently, Mr. DiSabato has a motion to dismiss for want of personal jurisdiction pending before the Texas court.

On May 1, 2006, Globex filed a motion to transfer venue from the Southern District of Ohio to the Northern District of Texas under 28 U.S.C. § 1404(a) alleging *forum non conveniens*.  Globex contends a transfer would serve the interests of justice because it has its principal place of business in Texas, Mr. DiSabato conducts business there, and most of the actions that give rise to the dispute took place there.  Globex also requests removal under the first-to-file rule because it filed an action in Texas state court prior to Silver Knight filing its action in Ohio state court.  Silver Knight counters that many of the events leading to the suits took place in Ohio, several of the witnesses reside here, and the district court of Texas lacks personal jurisdiction over Mr. DiSabato.  Plaintiff also contends that it should get the benefit of the first-to-file rule because Globex filed its Texas complaint against Mr. DiSabato personally and not against Silver Knight Sales & Marketing.

**II.** **Law and Analysis**

    **A.** **First-To-File Rule**

Both parties claim the honor of having been the first through the courthouse doors.  The Sixth Circuit has defined the first-to-file rule as "a well established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop* 16 Fed. Appx. at 437.  The *Zide* court went on to state that "when actions involving *nearly* identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" (emphasis added)  *Id*.  Quoting *In re Burley,* 738 F.2d 981, 988 (9th

Cir.1984). Some factors do exist that could cut against the first-to-file rule, the court held. They include, "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* None of these factors seem to be present in this case in sufficient measure to warrant ignoring the first-to-file rule.

Plaintiff emphasizes that Defendant failed to name Silver Knight as a defendant in the Texas case. However, the Northern District of Ohio has held that "the same party and same issue is not an absolute requirement," and that "[a] precise identity of parties is simply not required." *Plating Resources, Inc. v. UTI Corporation*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999). Instead, the court held, the rule should be invoked "when two suits involving substantially the same parties and purpose have been filed in [] concurrent jurisdiction[s]." *Id.*

Here, both the Texas case and the Ohio case involve "substantially the same parties and purpose." Both arise out of the same business agreement, and the parties and relevant witnesses appear to be virtually identical in each case. Notwithstanding Plaintiff's claims to the contrary, Globex did not ignore that the existence of Silver Knight because it filed every one of its Texas actions against "Michael DiSabato d/b/a/ Silver Knight Sales & Marketing." Finally, Silver Knight waited almost three months after DiSabato was sued in Texas before filing suit in Ohio. Given the virtually identical nature of both suits, the Magistrate Judge concludes that the Texas case has priority under the first-to-file rule.

### B. Personal Jurisdiction

As a threshold matter, it must first be determined that the action "could have been brought in the transferee court." *Sky Technology Partners, LLC v, Midwest Research Institute*,

125 F.Supp.2d 286, 291 (S.D. Ohio, 2000).  Here, Globex has brought an action against Mr. DiSabato in the Northern District of Texas.  Granted, a motion to dismiss this case for lack of personal jurisdiction is pending.  However, an analysis of the governing Texas law does not lead the Magistrate Judge to believe that the motion will be successful.  Mr. DiSabato claims he should receive protection under the "fiduciary shield" doctrine, which prevents a court from exercising personal jurisdiction over a person whose only contacts with the forum were in the capacity of a corporate representative.  The Plaintiff's claim ignores one very important caveat to that doctrine which the Fifth Circuit described in *Stuart v. Spademan,* 772 F.2d 1185 (5th Cir., 1985).  The court held:

> Where . . . there is an unmistakable identity of interest between the defendant and the corporation through which he acts, where that corporation has acted in a manner that brings it within a long-arm statute . . . then disregarding the corporate entity to reach the defendant for the purpose of asserting the personal jurisdiction of the state courts over the defendant does not offend the due process requirements of the Constitution. *Id.* at 1198.

More recently, the Fifth Circuit in *Patin v. Thoroughbred Power Boats Inc.* 294 F.3d 640, 653 (5th Cir. 2002), opined that "because the two corporations (or the corporation and its individual alter ego) are the *same entity,* the jurisdictional contacts of one *are* the jurisdictional contacts of the other."

In this case, an "unmistakable identity of interest" exists between Mr. DiSabato and the Silver Knight corporation.  Silver Knight is not a large corporation with many employees strewn about the country, but rather, for all intents and purposes, Mr. DiSabato is Silver Knight Sales & Marketing and vice versa.  Mr. DiSabato made all the contacts with Globex, and he was the sole representative of Silver Knight in Texas.  Therefore, the jurisdictional contacts he made as a

representative of the corporation cannot be separated from the jurisdictional contacts he made as an individual. Thus, he could reasonable anticipate being haled into court in Texas, and subjecting him to personal jurisdiction there would not "offend traditional notions of fair play and substantial justice." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).

    C.    *Forum Non Conveniens* **Standard**

*Sky Technologies* then lists a series of factors to consider in making the convenience determination.

> The litigant's interests include: The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *Id*.

Both sides make compelling arguments in their briefs as to which party would be the most inconvenienced. As such, it does not appear that either side has a clear edge in terms of the convenience of the parties. Each would be somewhat inconvenienced if forced to litigate the matter in the other party's chosen forum, but neither side can claim serious hardship enough to warrant favoring one district court over the other. Given the lack of a clearly more-convenient forum, the first-to-file rule must be the tie-breaker. Globex commenced its suit in Texas nearly a full three months before Silver Knight brought its action in Ohio, and therefore, the Magistrate Judge concludes that Texas is the most appropriate forum.

**III.**    **Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendant's May 1, 2006 motion to transfer venue (doc. 17) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

    s/Mark R. Abel
    United States Magistrate Judge