IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Silver Knight Sales & Marketing, Ltd.,** :

    **Plaintiff** : Case No. 2:06-cv-123

  v. : Judge Holschuh

**Globex International, Inc.,** : Magistrate Judge Abel

    **Defendant-Counterclaimant** :
    **and Third Party Plaintiff,**

  v.

**Michael DiSabato**

    **Third Party Defendant**

## MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on plaintiff Silver Knight and third party defendant Michael DiSabato's motion for reconsideration and objections to a July 5, 2006 Report and Recommendation in which Magistrate Judge Abel recommended that the Court grant defendant Globex's motion to transfer venue to the Northern District of Texas. As required by 28 U.S.C. § 636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which Silver Knight and DiSabato specifically object. For the reasons stated below, the Court **SUSTAINS** the objections in part and **OVERRULES** them in part.

**I.**     **Background and Procedural History**

Plaintiff Silver Knight, an Ohio limited liability company, manufactures, markets, distributes and sells sports apparel and novelty products. Third-party defendant Michael DiSabato serves as Silver Knight's president and sole managing member. Silver Knight has

obtained licenses to use the logos and trademarks of various universities.  Defendant Globex, a Texas corporation, also creates, manufactures and sells sports novelty items.  Early in 2004, the two companies entered into a business relationship and marketed merchandise to various universities.  During the course of the next year, the relationship deteriorated and two separate lawsuits ensued.

On August 8, 2005, Globex filed suit in the District Court of Dallas County, Texas, against "Michael DiSabato d/b/a Silver Knight Sales and Marketing."  Globex asserted numerous claims arising from the failed business relationship.  On September 9, 2005, DiSabato removed that suit to federal court in the Northern District of Texas.  Shortly thereafter, he filed a motion to dismiss for lack of personal jurisdiction.  On November 1, 2005, Silver Knight filed suit against Globex in the Court of Common Pleas of Franklin County, Ohio, also alleging claims arising from the failed business relationship.  On February 16, 2006, Globex removed the action to the United States District Court for the Southern District of Ohio.  Globex later filed a third party complaint against DiSabato and a counterclaim against Silver Knight.  In April of 2006, Globex moved to add Silver Knight as a defendant in the Texas case.

On May 1, 2006, Globex moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue in the Ohio case to the Northern District of Texas.  On July 5, 2006, Magistrate Judge Abel issued a Report and Recommendation recommending that the Court grant Globex's motion, since the Texas case had priority under the first-to-file rule.  As the Sixth Circuit noted in Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc., "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'"  16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting

2

In re Burley, 738 F.2d 981, 988 (9th Cir. 1984)).  Magistrate Judge Abel found that the Texas case and the Ohio case involved "substantially the same parties and purpose."  With respect to Globex's *forum non conveniens* argument, Magistrate Judge Abel found that neither side had a clear edge concerning which forum was more convenient.  He therefore concluded that "the first-to-file rule must be the tiebreaker."  (Report and Rec. at 6).

DiSabato had also argued that transferring this action to Texas would be inappropriate because, as a threshold matter, the court must find that the action "'could have been brought' in the transferee court."  Sky Tech. Partners, LLC v. Midwest Research Inst., 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000).  DiSabato noted that his motion to dismiss the Texas case based on lack of personal jurisdiction was still pending.  Magistrate Judge Abel found it unlikely that DiSabato would succeed on his motion.

## II.     Standard of Review

Silver Knight and DiSabato have filed objections to Magistrate Judge Abel's Report and Recommendation.  This Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been made.  Pursuant to 28 U.S.C. § 636(b)(1)(A), the magistrate judge's findings can be overturned only if they are "clearly erroneous or contrary to law."  See also Fed. R. Civ. P. 72(a).  The clearly erroneous standard applies to factual findings.  It "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed."  Balalovski v. Lucent Tech., Inc., No. 2:00-cv-189, 2003 WL 21011148, *4 (S.D. Ohio April 10, 2003)(internal quotations omitted).  A decision is contrary to law if the

magistrate judge's conclusions ignore or contradict relevant legal principles.  Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

**III.    Silver Knight and DiSabato's Objections**

Silver Knight and DiSabato argue that Magistrate Judge Abel erred in: (1) balancing the convenience factors under 28 U.S.C. § 1404(a); (2) finding that the Texas action was the first-filed case; and (3) finding that DiSabato and Silver Knight are "alter egos" for purposes of determining whether DiSabato is subject to personal jurisdiction in Texas.  The Court will address the alter-ego issue first.

**A.    Alter-Ego Status**

As noted earlier, transfer of venue is not appropriate unless the action could have been brought in the transferee court.  Sky Tech. Partners, 125 F. Supp. 2d at 291.  In their memorandum in opposition to Globex's motion to transfer venue, Silver Knight and DiSabato argued that transfer would be improper because the Northern District of Texas lacked personal jurisdiction over DiSabato.  They noted that DiSabato had filed a motion to dismiss the Texas action based on a lack of personal jurisdiction.  DiSabato had argued that the "fiduciary shield" doctrine prevented the Texas courts from exercising personal jurisdiction over him since his only contacts with the state were in his capacity as a corporate representative for Silver Knight.  At the time Silver Knight and DiSabato filed their memorandum in opposition to Globex's motion to transfer venue, DiSabato's motion to dismiss the Texas action was still pending.

In his Report and Recommendation, Magistrate Judge Abel concluded that DiSabato's motion was unlikely to succeed.  He noted that an exception to the "fiduciary shield" doctrine exists when there is "an unmistakable identity of interest between the defendant and the

corporation through which he acts." (Report & Rec. at 5)(quoting Stuart v. Spademan, 772 F.2d 1185, 1198 (5th Cir. 1985)). Magistrate Judge Abel speculated that because there was an "identity of interest" between DiSabato and Silver Knight, the Texas court would find that the "fiduciary shield" doctrine was inapplicable and that it had personal jurisdiction over DiSabato.

On July 21, 2006, the Northern District of Texas denied DiSabato's motion. Like Magistrate Judge Abel, the district court concluded that the "fiduciary shield" doctrine does not apply. However, instead of finding that it did not apply because there was an "identity of interest" between Silver Knight and DiSabato, the district court held that, under Fifth Circuit law, the "fiduciary shield" doctrine does not extend to agents of limited liability companies; the doctrine applies only to agents of corporations.

Silver Knight and DiSabato argue that even if the Court finds that transfer of venue is warranted, the Court should overturn Magistrate Judge Abel's findings concerning the alleged "identity of interest" so that Globex cannot use those findings in connection with the substantive merits later in the litigation, presumably in an attempt to impose personal liability on DiSabato. Silver Knight and DiSabato contend that Magistrate Judge Abel's finding of alter-ego status is clearly erroneous and contrary to law because: Globex never pleaded or argued an alter-ego theory; Magistrate Judge Abel did not make findings with respect to each of the required elements of an alter-ego theory; and there is no evidence in the record to support his finding of alter-ego status.

In view of the fact that Globex did not choose to respond to these particular objections, it would appear that DiSabato's concern that Globex might later attempt to use the "identity of interest" finding outside the context in which it was made is unfounded or, to say the least,

exaggerated. Furthermore, as a matter of law, a finding that a corporate entity should be disregarded for the purpose of asserting personal jurisdiction over an individual connected with that corporation does not equate to a finding that the corporate veil should be pierced to hold an individual personally liable for the corporation's wrongdoing. See Stuart, 772 F.2d at 1198 n.12 ("the alter ego test for attribution of contacts, *i.e.,* personal jurisdiction, is less stringent than that for liability").[1]

Magistrate Judge Abel's reference to an "identity of interest" between Silver Knight and DiSabato was made purely in the limited context of determining whether DiSabato might successfully use the "fiduciary shield" doctrine to deprive the Texas court of personal jurisdiction over him. Because the question of whether DiSabato could be held personally liable for Silver Knight's conduct was not before Magistrate Judge Abel, it is not surprising that he made no findings to support such a conclusion. For example, he did not find that Silver Knight was undercapitalized, failed to observe corporate formalities, or commingled funds with DiSabato. See Stuart, 772 F.2d at 1197 (setting forth factors to be considered in determining alter-ego status).

In light of the fact that DiSabato's motion to dismiss has been decided by the Northern District of Texas on a basis different than that discussed by Magistrate Judge Abel in the Report and Recommendation, this Court does not consider Magistrate Judge Abel's findings with respect to the personal jurisdiction issue to be binding on the parties. His speculation regarding the likely outcome of that motion in the Texas court is now a moot question. Nevertheless, in order to avoid any misinterpretation of Magistrate Judge Abel's Report and Recommendation,

---

[1] In the Court's view, this same reasoning would extend to limited liability companies.

and because Globex did not respond to or contest Silver Knight and DiSabato's objection, the Court will sustain the objection with respect to Magistrate Judge Abel's finding that there is an "identity of interest" between Silver Knight and DiSabato.

As discussed in the following section, however, sustaining this objection has no effect on the Court's ultimate decision to grant Globex's motion to transfer venue. The Northern District of Texas has concluded that it has personal jurisdiction over DiSabato. Moreover, because the Texas case has priority under the first-to-file rule, the Court concludes that transfer of this action to the Northern District of Texas is proper.

**B.    Balancing of § 1404(a) Factors and the First-to File Rule**

Silver Knight and DiSabato argue that Magistrate Judge Abel erred in finding that the convenience factors under § 1404(a) were evenly balanced. They claim that he failed to give significant weight to plaintiff's choice of forum and place of residence and failed to recognize that Globex no longer has any continuous presence in Texas. They also argue that even if the convenience factors were evenly balanced, transfer is appropriate only when the balance of factors *strongly* favors the moving party.

Magistrate Judge Abel's findings concerning the § 1404(a) factors were not clearly erroneous or contrary to law. He found that both sides presented compelling arguments as to why it would be more convenient to litigate the case in their respective forums, but that neither side had a clear advantage. While Silver Knight and DiSabato may disagree with the weight Magistrate Judge Abel assigned to the factors to be considered, there is no legal basis for this Court to overturn his findings.

Although the plaintiff's choice of forum is typically afforded significant weight, courts afford it less weight if an action has been removed to federal court, as it was here. See Sky Tech. Partners, 125 F. Supp. 2d at 289. More importantly, "[t]he fact that a related action is pending in the proposed transferee district is an important consideration that can override plaintiff's choice of forum because transfer of the second action will promote judicial economy and avoid the possibility of inconsistent results." 17 James Wm. Moore, Moore's Federal Practice, § 111.13[1][o][i] (3d ed. 1997). In this case, Magistrate Judge Abel found that the related action already pending in Texas was an overriding factor, and that transfer was appropriate because the Texas case had priority under the first-to-file rule.

Silver Knight and DiSabato also argue that Magistrate Judge Abel erred in finding that the Texas action was, in fact, the first-filed case involving Silver Knight. They note that Globex filed suit in Texas against "Michael DiSabato d/b/a/ Silver Knight Sales & Marketing." They then argue that under Ohio and Texas law, this designation is insufficient to include Silver Knight as a separate party. Globex later added Silver Knight as a defendant, but not until after this suit was filed. Silver Knight and DiSabato argue that because Silver Knight was not a defendant in the Texas case when the Ohio case was filed, the suits were not identical and application of the first-to-file rule was therefore improper.

This argument is not persuasive. Magistrate Judge Abel correctly noted that for purposes of the first-to-file rule, "the same party and same issue is not an absolute requirement," and "[a] precise identity of parties is simply not required." Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). See also Zide Sport Shop, 16 Fed. Appx. at 437 (applying first-to-file rule to actions involving "nearly identical" parties and issues). Therefore, it is

8

irrelevant that Silver Knight was not initially identified as a separate defendant in the Texas suit.[2] Globex did sue "Michael DiSabato d/b/a Silver Knight Sales & Marketing" and DiSabato is the president and sole managing member of Silver Knight. Magistrate Judge Abel therefore correctly found that the parties and issues in the Texas case are substantially the same as those in this case.

Silver Knight and DiSabato also argue that it would be fundamentally unfair to transfer this case based on a finding that the Texas case was filed first since Globex made a conscious choice to sue only DiSabato, allegedly based on its belief that he had acted individually.[3] Magistrate Judge Abel acknowledged that the first-to-file rule may be disregarded if its application is inequitable. "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." Zide Sport Shop, 16 Fed. Appx. at 437. Magistrate Judge Abel considered these

---

[2] Globex also argued even if the first-to-file rule required exact identity of the parties, the Texas action would still take priority over the later-filed Ohio action because Globex amended its complaint to add Silver Knight as a defendant and, pursuant to Federal Rule of Civil Procedure 15(c), the amendment would relate back to the original commencement date of the action. Silver Knight and DiSabato argue, however, that the relation-back provision does not apply because Globex's failure to initially include Silver Knight as a defendant was a conscious choice, and was not based on a mistake concerning the identity of the proper party. In light of the fact that the first-to-file rule does not require exact identity of the parties, the Court need not address the relation-back argument.

[3] The Court rejects Silver Knight and DiSabato's claim that Globex is judicially estopped from arguing that the Texas case was the first-filed case. "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) (internal quotation omitted). Even if Globex's current position could be considered contrary to what was asserted in Texas, there is no evidence that the Texas court has adopted that contrary position.

factors and found that no circumstances existed that warranted abandoning the rule.  The Court agrees that Globex engaged in no conduct that would make application of the first-to-file rule inequitable.

The Court concludes that Magistrate Judge Abel's application of the first-to-file rule was neither clearly erroneous nor contrary to law.  Because the Texas case has priority, and because it would be a waste of judicial resources to litigate the same dispute in two different forums, transfer to the Northern District of Texas is proper.

**IV.  Conclusion**

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court **SUSTAINS IN PART AND OVERRULES IN PART** Silver Knight and Michael DiSabato's July 24, 2006 objections to the Magistrate Judge's July 5, 2006 Report and Recommendation.  (Record at 29). The Court sustains the objection with respect to Magistrate Judge Abel's finding that there is an "identity of interest" between Silver Knight and DiSabato.  The Court overrules the remaining objections, **ADOPTS** the remainder of Magistrate Judge Abel's Report and Recommendation, and **GRANTS** Globex's motion to transfer venue.  (Record at 17).

For the reasons set forth above, the Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED.**


Date: November 6, 2006                         **/s/ John D. Holschuh**
                                               John D. Holschuh, Judge
                                               United States District Court

10